# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAREAL EDWARDS,<br><br>        Petitioner<br>    v.<br>JO GENTRY, et al.,<br><br>        Respondents | Case No. 2:15-cv-00673-JAD-NJK |
| JAREAL EDWARDS,<br><br>        Petitioner<br>    v.<br>WARDEN HOWELL, et al.,<br><br>        Respondents | *and related case*<br><br>Case No. 2:20-cv-00520-JAD-DJA<br><br>**Order Consolidating Cases, Reopening Case, and Denying Motion for Appointment of Counsel** |

Petitioner Jareal Edwards, a *pro se* Nevada prisoner, has commenced two habeas actions under 28 U.S.C. § 2254 in the District of Nevada[1] challenging a 2013 state-court conviction and sentence.[2] In March 2020, he filed a new habeas petition and motion for appointment of counsel.[3] Because I find that Edwards's two habeas actions involve common questions of law and fact and good cause exists, I consolidate the cases and reopen the earlier-filed case. I also deny his renewed motion for appointment of counsel without prejudice.

## Background

In February 2013, Edwards pled guilty in Nevada state court to one count each of conspiracy to commit robbery, robbery with use of a deadly weapon, and first-degree

---

[1] Case Nos. 2:15-cv-00673-JAD-NJK; 2:20-cv-00520-JAD-DJA.

[2] *State of Nevada v. Edwards*, Case No. C-12-280797-3.

[3] Case No. 2:20-cv-00520-JAD-DJA, ECF Nos. 1-1, 1-2.

kidnapping.[4]  A judgment of conviction was entered on August 13, 2013,[5] and his one-year period for filing an appeal or state petition for writ of habeas corpus began to run.  Without filing a direct appeal of his criminal case, Edwards filed a state habeas petition seeking post-conviction relief on June 16, 2014, which was denied.[6]  The Nevada Supreme Court affirmed that denial and then issued a remittitur on April 7, 2015.[7]

Edwards filed a federal habeas petition on April 13, 2015.[8]  Of the four grounds for relief that he pled in his federal petition, only one was exhausted, so I gave him three options: (1) abandon the three unexhausted claims and proceed on the exhausted claim; (2) return to state court to exhaust the three claims, and I would deny the federal petition without prejudice to his ability to refile it; or (3) file a motion to stay and abey the exhausted federal habeas claims while he exhausts his claims in state court.[9]  Edwards chose the third option and moved to stay this federal petition pending exhaustion of his unexhausted claims.[10]  I granted his request in September 2017.[11]  Edwards was instructed to "move to reopen this case no later than 45 days after exhaustion of his claims" and, if he intends to further amend his petition, "file a motion for leave to amend along with the proposed verified amended petition."[12]  I explained that the case was administratively closed but could be reopened after exhaustion so it would "then proceed under the current docket number."[13]

---

[4] I take judicial notice of the proceedings in Edwards's criminal and post-conviction matters in the Eighth Judicial District Court and Nevada appellate courts.  The docket records of these courts may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] Case No. 2:15-cv-00673-JAD-NJK, ECF No. 1.

[9] *Id.*, ECF No. 9.

[10] *Id.*, ECF No. 12.

[11] *Id.*, ECF No. 15.

[12] *Id.* at 6.

[13] *Id.*

While the federal habeas matter was pending, Edwards went back to state court and filed additional post-conviction petitions.[14] Those petitions were denied. He appealed the denials, but the Nevada Court of Appeals affirmed the state court's rulings.[15]

On March 12, 2020, Edwards filed a new habeas petition and motion for appointment of counsel.[16] He provided the earlier case number when answering whether the new petition is "the first federal petition for writ of habeas corpus challenging this conviction."[17]

## Discussion

Having reviewed the records in Edwards's cases, I construe his new habeas petition as a request to reopen the earlier habeas case and file an amended petition. I find that the actions involve common questions of law and fact and that good cause exists for consolidation.[18] The practice in this district is to assign consolidated cases to the "judge to whom the earliest-filed action is assigned."[19] Because I am the district judge assigned to the earlier-filed case, the assignment in the consolidated cases will not change. Once the earlier-filed case is reopened, a new scheduling order will issue.

Turning to Edwards's motion for appointment of counsel, I find no basis to appoint counsel, and I deny the motion. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding.[20] However, an indigent petitioner seeking relief under 28 U.S.C. § 2254 may request the appointment of counsel to pursue that relief,[21] and the court has discretion to appoint counsel when the interests of justice so require.[22] The interests of justice so

---

[14] *See State of Nevada v. Edwards*, Case No. C-12-280797-3, *available at* https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=9248216.

[15] *See Edwards v. State*, Case Nos. 72555, 73115, 78181, *available at* http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

[16] Case No. 2:20-cv-00520-JAD-DJA, ECF Nos. 1-1, 1-2.

[17] ECF No. 1-1 at 2.

[18] *See* Fed. R. Civ. P. 42(a).

[19] LR 42-1(b).

[20] *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)).

[21] 18 U.S.C. § 3006A(a)(2)(B).

[22] *Id.*

require "when the complexities of the case are such that denial of counsel would amount to a denial of due process."[23] In the absence of such circumstances, a request for counsel is addressed to the sound discretion of the district court.[24] When a habeas petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions, no attorney is legally required.[25]

This is the second time that Edwards has requested appointed counsel.[26] I denied the first request because his original petition was well-written and sufficiently clear in presenting his claims and the issues in this case are not complex; thus, he did not establish that the interests of justice require appointed counsel.[27] Edwards's current motion fails to present any change in circumstances under the "interests of justice" standard. Using a form motion without providing any facts specific to his situation, Edwards alleges that "the issues in this case are complex and [he] is unable to adequately present the claims without the assistance of counsel."[28] This conclusory allegation does not show why denial of counsel would amount to a denial of due process. The new habeas petition is sufficiently clear in presenting the issues Edwards wishes to bring, and the issues in this case are not particularly complex. The motion is thus denied.

## Conclusion

IT IS THEREFORE ORDERED that Edwards's Motion for Appointment of Counsel **[ECF No. 1-2] in 2:20-cv-00520-JAD-DJA is DENIED**.

IT IS FURTHER ORDERED THAT **the Clerk of Court is directed to**:

- REOPEN Case No. 2:15-cv-00673-JAD-NJK and CONSOLIDATE it with Case No. 2:20-cv-00520-JAD-DJA. The earlier-filed action, Case No. 2:15-cv-00673-JAD-NJK, is the base case, and all future filings must use the base case number.

---

[23] *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

[24] *Id.* (citing *Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962)).

[25] *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

[26] Case No. 2:15-cv-00673-JAD-NJK, ECF No. 1-1 at 3.

[27] *Id.*, ECF No. 4 at 2.

[28] Case No. 2:20-cv-00520-JAD-DJA, ECF No. 1-2 at 2.

- SUBSTITUTE Warden Howell for Jo Gentry as the main respondent in the base case.
- DESIGNATE Edwards's petition for writ of habeas corpus, filed March 12, 2020, in 2:20-cv-00520-JAD-DJA as the operative pleading and designate it as the "Second Amended Petition for Writ of Habeas Corpus" in the base case.
- ADMINISTRATIVELY CLOSE the latter-filed action, Case No. 2:20-cv-00520-JAD-DJA.

Dated: May 20, 2020

_____
U.S. District Judge Jennifer A. Dorsey